IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**VERONICA VALLIN**
1431 Argall Ave
Beloit, WI 53511

      Plaintiff,

  v.

Case No. 20-cv-550

**DABDOUB CLEANING SERVICES, INC.**
**d/b/a IMPERIAL CLEANING SERVICE**
37895 N. Cornell Rd
Beach Park, IL 60087

      Defendant.

## COMPLAINT

Plaintiff, Veronica Vallin, by her attorneys, Hawks Quindel, S.C., for her Complaint against Defendant, Dabdoub Cleaning Services Inc. d/b/a Imperial Cleaning Service, states as follows:

### PRELIMINARY STATEMENT

1.  Plaintiff has been employed by Defendant, Dabdoub Cleaning Services Inc. d/b/a Imperial Cleaning Service ("Dabdoub Cleaning Services"), since 2010 as a cleaner. During her employment, and within the three-year period preceding this Complaint, Plaintiff worked in excess of 40 hours per workweek providing cleaning and janitorial services at multiple buildings. However, she did not receive overtime wages for all hours worked over 40 in a workweek. Plaintiff seeks payment of

overtime wages, an equal amount in liquidated damages, and payment of attorney's fees and costs in bringing this action.

## PARTIES

2. Plaintiff, Veronica Vallin, is an adult resident of the state of Wisconsin. At all times material to this matter, Vallin was an "employee" of Defendant as defined by 29 U.S.C. § 203(e)(1). Vallin's signed Consent Form is attached to this Complaint as Exhibit A and is incorporated herein by reference.

3. Defendant, Dabdoub Cleaning Services Inc. d/b/a Imperial Cleaning Service, is an Illinois corporation with its principal office at 37895 N. Cornell Rd, Beach Park, IL 60087. Defendant's registered agent for service of process is Diana Dabdoub.

4. At all times relevant to this Complaint, Defendant was the "employer" of Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), and Wis. Stats. §§ 103.001(6) and 109.07(2).

5. At all times material to this Complaint, Defendant has employed more than two employees.

6. Upon information and belief, at all times material to this Complaint, Defendant has employees who are engaged in commerce.

7. Upon information and belief, at all times material to this Complaint, Defendant has had an annual dollar volume of sales or business done of at least $500,000.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201, et seq. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates a facility in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

10. Defendant employed Plaintiff as a cleaner at Dabdoub Cleaning Services starting in September 2018.

11. Plaintiff's job duties involved cleaning different customer buildings.

12. Throughout her employment, Plaintiff recorded her time using a timeclock.

13. Plaintiff regularly worked in excess of 40 hours in a single workweek for Defendant.

14. On some occasions when Plaintiff worked more than 40 hours in a workweek, Defendant gave her two paystubs for that pay period: one paying 40 hours at her regular rate of pay, and the other paying any hours in excess of 40 for that pay period, also at her regular rate of pay.

15. On other occasions, Plaintiff worked more than 40 hours in a workweek and was paid for all hours worked at her regular rate of pay on a single pay stub.

16. Plaintiff was paid her regular rate of pay, without any overtime premium, for hours worked in excess of 40 in a workweek.

17. Plaintiff's regular rate of pay was $9.50 per hour from three years prior to the filing of this lawsuit until April 2019.

18. On or around the week starting April 28, 2019, Plaintiff's regular rate of pay was $9.75 per hour.

CAUSE OF ACTION:
FAILURE TO PAY OVERTIME WAGES
IN VIOLATION OF THE FLSA

19. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

20. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek.

21. During her employment with Defendant, Plaintiff was classified as non-exempt from overtime wages.

22. During her employment with Defendant, Plaintiff was paid on an hourly basis.

23. During her employment with Defendant, Plaintiff was suffered and permitted to work hours over 40 in a workweek for Defendant without receiving one and one-half times her regular rate of pay for those overtime hours.

24. Defendant's practices violate the provisions of the FLSA, including but not limited to 29 U.S.C. § 207. As a result of these unlawful practices, Plaintiff has suffered a wage loss.

25. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime wages in violation of the FLSA.

26. Plaintiff seeks damages in the amount of twice the unpaid overtime wages earned during the statute of limitations as well as attorney's fees and costs in bringing this action, pursuant to 29 U.S.C. § 216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, awarding her:

A. The overtime compensation owed to Plaintiff under 29 U.S.C. § 207 for the three-year time period prior to the commencement of this action;

B. A finding that Defendant's actions were willful under 29 U.S.C. § 255;

C. Liquidated damages in an amount equal to the amount awarded to her as overtime wage compensation, as provided in 29 U.S.C. § 216(b);

D. All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b); and

E. Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiffs' rights under the FLSA.

Dated this 17th day of June, 2020.

                              **HAWKS QUINDEL, S.C.**
                              *Attorneys for the Plaintiffs*

                              By: */s/David C. Zoeller*
                              David C. Zoeller, State Bar No. 1052017
                              Email: dzoeller@hq-law.com
                              Caitlin M. Madden, State Bar No. 1089238
                              Email: cmadden@hq-law.com
                              Vanessa A. Kuettel, State Bar No. 1088329
                              Email: vkuettel@hq-law.com
                              409 East Main Street
                              Post Office Box 2155
                              Madison, Wisconsin 53701-2155
                              Telephone: (608) 257-0040
                              Facsimile: (608) 256-0236