UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

VERONICA VALLIN,

        Plaintiff,

                                  Case No. 20-cv-550

v.

DABDOUB CLEANING SERVICES, INC.
d/b/a IMPERIAL CLEANING SERVICE,

        Defendant.

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE AND JOINT MOTION FOR APPROVAL OF SETTLEMENT

The Plaintiff, Veronica Vallin, and the Defendant, Dabdoub Cleaning Services, Inc.[1], jointly move the Honorable Court to dismiss the case with prejudice and approve their settlement. In support of the stipulation and motion, the parties state as follows:

### I.    Background

This is an action filed under the Fair Labor Standards Act ("FLSA"), in which Plaintiff sought recovery for overtime wages allegedly due and owing to her. Defendant denied the Plaintiff's allegations and disputed her entitlement to the requested overtime pay, challenging the validity of her claim.

Plaintiff filed suit on June 17, 2020. (Dkt. # 1.) Suit was brought in Plaintiff's individual capacity. Plaintiff has not raised any collective action claims under the

---

[1] The Caption in this matter is incorrect. Dabdoub Cleaning Services, Inc., is not affiliated with "Imperial Cleaning Service" in any way and does not "do business as Imperial Cleaning Service."

FLSA or class claims under Fed. R. Civ. P. 23. Defendant filed an answer raising six affirmative defenses and requesting that Plaintiff's complaint be dismissed with prejudice. (Dkt. # 7.)

After exchanging their Fed. R. Civ. P. 26(a) disclosures, the parties engaged in informal discovery during which the parties informally exchanged documents and information relevant to their claims and defenses. The parties scrutinized each other's claims and defenses through letters, emails, and telephone calls between counsel.

## II. The Settlement Agreement Is a Fair and Reasonable Resolution of a Bona Fide Dispute and Does Not Establish Sub-Minimum Wages

In *Lynn's Foods Stores, Inc. v. U.S. Department of Labor*, the Eleventh Circuit explained that "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees" – either by supervision of the Secretary of Labor under section 216(b) or upon entry of a stipulated judgment following review of a district court. 679 F.2d 1352-53 (11th Cir. 1982). *Lynn's Foods Stores* involved a settlement of FLSA claims entered into directly between an employer and a group of employees. *Id.* Since *Lynn's Foods Stores*, the Eleventh Circuit has clarified the purpose of that rule, which is "to ensure than an employer – who has a strong bargaining position – does not take advantage of an employee." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (internal citations omitted).

Although it has not explicitly adopted this requirement, the Seventh Circuit has noted that the FLSA is designed to prevent parties from contracting around minimum wage and overtime pay requirements and that a ban on private settlements

2

of pay disputes prevents the parties from establishing sub-minimum wages. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *see also Wendorf v. Village of Plover*, No. 19-CV-251-WMC, 2020 WL 2473759, *1 (W.D. Wis. May 13, 2020). To determine the fairness of an FLSA settlement, the Court must consider "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010). Generally, a settlement is approved where it results from "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id.* at 995. Moreover, "courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlement for fairness." *Id.* (internal citations and quotations omitted).

In the case at hand, there is one primary dispute between the parties. Plaintiff asserts that she worked more than 40 hours per week during certain workweeks and was not paid appropriate overtime wages. Plaintiff asserts that she was only paid her regular rate for hours worked in excess of 40, rather than time-and-one-half of her regular rate. Defendant denies that Plaintiff worked any overtime hours during her employment with Defendant. Rather, Defendant asserts that hours worked by Plaintiff's husband were included in Plaintiff's time records and paychecks. Defendant further asserts that if Plaintiff's husband's hours worked are removed

from her time records, those records will show that Plaintiff did not work in excess of 40 hours during any workweek while she was employed by Defendant. Defendant contends that this is why all hours included in Plaintiff's time records and paychecks were paid out at the regular rate (i.e., Plaintiff did not work overtime so her and her husband's hours worked were compensated at their regular rates).

As of September 20, 2020, Plaintiff asserted that she is owed $3,710.12 in unpaid overtime, $3,710.12 in liquidated damages, and $4,500.00 in attorneys' fees. The $4,500 in attorneys' fees represents work performed by Plaintiff's counsel as of September 20, 2020. Defendant disputes that Plaintiff is owed such amounts. Nevertheless, the parties engaged in early good-faith, arms-length settlement discussions in light of the alleged unpaid overtime and potential cost to litigate such a case. The parties agreed to resolve Plaintiff's claims for a total amount of $7,500.00. (*See* Exhibit A, Settlement Agreement and Release ("Settlement Agreement").) The Settlement Agreement includes a payment to Plaintiff in the amount of $4,538.70, which covers the full amount of her alleged unpaid overtime as well as a portion of her alleged liquidated damages. (Id.) Additionally, the Settlement Agreement includes a payment to Plaintiff's counsel in the amount of $2,961.30, which covers a portion of Plaintiff's alleged attorneys' fees. (Id.)

The Settlement Agreement provides Plaintiff the full amount of her calculated damages as well as a portion of her liquidated damages and attorneys' fees. Given the risks inherent in continued litigation and the bona fide dispute as to whether Plaintiff

can prevail on her claims, the Settlement Agreement is an excellent result for both parties and does not "establish sub-minimum wages."

### III. Conclusion

The parties stipulate to dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and move the Honorable Court to approve this FLSA settlement agreement. The settlement is a fair resolution that was reached after adequate informal discovery was completed and through arms-length negotiations by counsel. A copy of the Settlement Agreement is attached as Exhibit A.

Dated this 30th day of November, 2020.

| DeWitt LLP | Hawks Quindel, S.C. |
|---|---|
| By: *Jordan Rohlfing* <br> Stephen A. DiTullio (WI Bar #1019446) <br> Jordan Rohlfing (WI Bar #1088042) <br> Two East Mifflin Street, Suite 600 <br> Madison, WI 53703-2865 <br> 608-255-8891 <br> sad@dewittllp.com <br> jxr@dewittllp.com <br><br> **Attorneys for Defendant,** <br> **Dabdoub Cleaning Services, Inc.** | By: *Caitlin Madden* <br> David C. Zoeller (WI Bar #1052017) <br> Caitlin M. Madden (WI Bar #1089238) <br> Vanessa A. Kuettel (WI Bar #1088329) <br> P.O. Box 2155 <br> Madison, WI 53701-2155 <br> dzoeller@hq-law.com <br> cmadden@hq-law.com <br> vkuettel@hq-law.com <br><br> **Attorneys for Plaintiff,** <br> **Veronica Vallin** |