## SETTLEMENT AGREEMENT AND RELEASE

This Settlement and Release Agreement ("Agreement") is entered into between Veronica Vallin ("Plaintiff") and Dabdoub Cleaning Services, Inc. ("Defendant"), collectively referred to as the "Parties."

WHEREAS, Plaintiff was employed by Defendant from October 2018 to March 2020;

WHEREAS, Plaintiff has certain claims against Defendant arising out of her employment, and has filed a lawsuit against Defendant in the United States District Court for the Western District of Wisconsin, captioned as Case No. 20-cv-550 (the "Lawsuit"); alleging that Defendant failed to pay Plaintiff overtime wages in violation of the Fair Labor Standards Act;

WHEREAS, Defendant denies the allegations in the lawsuit, but the Parties desire to fully compromise and settle the Lawsuit;

NOW, THEREFORE, in consideration of the promises and covenants hereafter contained, the Parties agree as follows:

1. **Dismissal of Lawsuit & Joint Motion for Approval of Settlement.** The Parties and/or their attorneys will sign and file with the Court a Joint Stipulation of Dismissal with Prejudice and Joint Motion for Approval of Settlement ("Joint Stipulation and Motion") that seeks dismissal of the Lawsuit with prejudice and without costs and judicial approval of this Agreement. The Joint Stipulation and Motion is set forth in Exhibit A attached hereto. The Joint Stipulation and Motion will be filed with the Court within two (2) business days of the Effective Date of this Agreement. The Parties agree to take any and all actions necessary to ensure the Lawsuit is dismissed with prejudice and that the Joint Stipulation and Motion is filed. The Parties will bear their own attorneys' fees, costs, and expenses incurred in connection with the Lawsuit. If the Court fails or refuses to dismiss the Lawsuit and/or approve the settlement, this Agreement shall be null and void.

2. **Settlement Payment.** In consideration for full settlement of Plaintiff's claims in the Lawsuit, Defendant will pay the total amount of Seven Thousand Five Hundred Dollars ($7,500) (the "Settlement Payment"), apportioned as follows:

   A. To Veronica Vallin the total amount of $4,538.70, paid as back wages. Defendant will make deductions for all federal and state taxes and other required deductions from this payment, and will issue a W-2 to Veronica Vallin for this amount.

   B. To Hawks Quindel S.C. the total amount of $2,961.30 as attorneys' fees and costs to be reported on an IRS 1099.

Defendant will pay the Settlement Payment in three equal installments as follows:

   A. The first payment will be made within fifteen (15) days of the Court's entry of an Order granting the parties' Joint Stipulation and Motion, and will

        consist of $1,512.90, subject to withholdings, to Veronica Vallin and $987.10 to Hawks Quindel S.C.

B.   The second payment will be made within forty-five (45) days of the Court's dismissal of this suit, and will consist of $1,512.90, subject to withholdings, to Veronica Vallin and $987.10 to Hawks Quindel S.C.

C.   The third and final payment will be made within seventy-five (75) days of the Court's dismissal of this suit, and will consist of $1,512.90, subject to withholdings, to Veronica Vallin and $987.10 to Hawks Quindel S.C.

Defendant will send the checks as described above to Hawks Quindel, S.C. The above payments are made without Plaintiff's or Defendant's counsel's opinions or advice on taxability under the Internal Revenue Code or any state law. The payments set forth above are intended and do include payment for all damages claimed as well as payment for any claimed entitlement to recover costs or attorney's fees. No petition for such costs or fees shall be made.

3.     Breach and Opportunity to Cure. If Defendant breaches the payment provisions, Defendant will have opportunity to cure within 14 business days of the breach. However, Defendant's failure to cure a breach within 14 business days of the breach shall result in an automatic conversion to judgment against Defendant in the amount of **$7,500**, less all settlement amounts paid up to the date of the breach, plus all attorneys' fees incurred by Plaintiff's counsel between the Effective Date and the date judgment is entered. Judgment shall be entered in a form substantially similar to exhibit B to this Agreement. Should a default on Defendant's part cause Plaintiff to litigate to collect the remaining amount, Plaintiff's attorney's fees are collectable as a result of the necessity to litigate this collection. The Court shall retain jurisdiction over this matter for this sole purpose.

4.     Release by Plaintiff. Plaintiff acknowledges that prior to signing this Agreement she was advised by legal counsel of her legal rights with respect to this Agreement. In consideration for the benefits received by Plaintiff through this Agreement, Plaintiff forever releases and discharges Defendant from and against any and all actions and causes of action of any kind which existed as of the date Plaintiff signed this Agreement and/or that arose from Plaintiff's employment with Defendant. By way of example, and not limitation, the release of claims includes any claims for wrongful discharge; tort claims; claims for breach of contract; claims for discrimination or retaliation on any basis prohibited by Title VII of the Civil Rights Act of 1964, the Wisconsin Fair Employment Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, any of the aforementioned laws as they have been amended, or any other applicable federal, state, or local law, regulation or ordinance prohibiting employment discrimination; claims under any wage and hour statutes including, but not limited to, the federal Fair Labor Standards Act, Wis. Stat. ch. 103, Wis. Stat. ch. 104, Wis. Stat. ch. 109, and Wis. Admin Code chs. DWD 270-279; or any other claims arising out of federal, state, or local statutes, regulations, ordinances or common law relating to employment, the termination of employment, or any other matter.

Neither party waives any claims against the other that may arise after the effective date of this Agreement, except those claims that are otherwise specifically addressed in this Agreement, or any claims that cannot be waived as a matter of law.

5. **Governing Law and Interpretation.** This Agreement represents the complete understanding of the parties and shall be interpreted in accordance with the laws of the State of Wisconsin without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

6. **Further Assurances.** The Parties agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

7. **Non-admission of Wrongdoing.** The Parties acknowledge that neither this Agreement nor the furnishing of the consideration for the releases contained herein shall be deemed or construed at any time for any purpose as an admission by Defendant of any liability or unlawful conduct of any kind.

8. **No Future Employment.** Plaintiff agrees she is not now or hereafter entitled to employment or re-employment with Defendant, and she agrees not to seek such employment.

9. **Entire Agreement.** This Agreement consists of the entire, complete, and integrated agreement and understanding of the Parties concerning the subject matter of this Agreement, and it supersedes and replaces all prior oral or written proposals or negotiations between the Parties relating to the subject matter of this Agreement. The Parties acknowledge that this is a negotiated Agreement, and that the rule of interpretation against the drafter shall have no application to this Agreement.

10. **Amendment.** This Agreement may not be modified, altered or changed except upon express written consent of both parties.

11. **Counterparts and Translation.** This Agreement shall be translated into Spanish and English. This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, including a counterpart in Spanish or in English, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Transmission of a signed Agreement by facsimile or a scanned .pdf shall constitute receipt of an original signed Agreement by mail.

12. **Right to Consider, Rescind, and Revoke Acceptance.** Plaintiff hereby tenders a knowing and voluntary waiver of any age discrimination claims she has, might have, or might allege under the federal Age Discrimination in Employment Act of 1967 (29 U.S.C. § 621, et seq.) as amended by the Older Worker Benefits Protection Act of 1990 ("ADEA") and the Wisconsin Fair Employment Act, and, to that end, further acknowledges the following:
    a. Plaintiff has twenty-one (21) calendar days to consider this Agreement from the date that it is first given to her.
    b. Plaintiff is advised to consult with an attorney prior to executing this Agreement.

    c.    Plaintiff may accept the Agreement by signing the Agreement within the designated time period.

    d.    Plaintiff shall have seven (7) calendar days from the date that she signs the Agreement to revoke her acceptance of the Agreement ("Revocation Period") by delivering written notice of revocation to Defendant (c/o Attorney Jordan Rohlfing, DeWitt LLP, 2 East Mifflin Street, Suite 600, Madison, Wisconsin 53703; jxr@dewittllp.com) within the seven (7) day calendar period.

13.    **Effective Date.** This Agreement shall become effective and irrevocable on the eighth (8th) day after Plaintiff signs this Agreement, provided Plaintiff has not delivered written notice of revocation during the Revocation Period (the "Effective Date").

IN WITNESS WHEREOF, the Parties hereto, intending to be legally bound, have caused this Settlement and Release Agreement to be duly executed as of the dates set forth below:

VERONICA VALLIN

By: _____
Date: _____

DABDOUB CLEANING SERVICES, INC.

By: _____*[signature]*_____
Title: _____Owner_____
Date: _____11/11/20_____

## ACUERDO DE LIQUIDACIÓN Y LIBERACION LEGAL

Este Acuerdo de Liquidación y Liberación Legal ("Acuerdo") es ingresado entre Veronica Vallin ("Demandante") y Dabdoub Cleaning Services, Inc. ("Demandado"), denominados colectivamente como las "Partes."

CONSIDERANDO QUE, el Demandante fue empleado por el Demandado de octubre 2018 a marzo de 2020;

CONSIDERANDO QUE, el Demandante tienen ciertas demandas contra el Demandado que surgen de su empleo, y han presentado una demanda contra el Demandado en el Tribunal de Distrito de los Estados Unidos para el Distrito Oeste de Wisconsin, subtitulado como Caso No. 20-cv-550 (la "Demanda"); alegando que el Demandado no le pagó a el Demandante los salarios de horas extras en violación de la Ley de Normas Laborales Justas;

CONSIDERANDO QUE, el Demandado niega las acusaciones en la demanda, pero las Partes desean comprometer y resolver plenamente la Demanda;

AHORA, POR LO TANTO, teniendo en cuenta las promesas y convenios contenidos en lo sucesivo, las Partes aceptan lo siguiente:

1. <u>Despido de la demanda y moción conjunta para la aprobación del acuerdo.</u> Las partes y/ o sus abogados firmarán y presentarán ante el Tribunal una Estipulación Conjunta de Despedida con Prejuicio y una Moción Conjunta de Aprobación del Acuerdo ("Estipulación y Moción Conjunta") que busca la despedida de la Demanda con prejuicio y sin costos y aprobación judicial de este acuerdo. La Moción y Estipulación Conjunta se establece en el Anexo A adjunto al presente. La Estipulación Conjunta y la Moción se presentarán ante el Tribunal dentro de los dos (2) días laborales posteriores a la Fecha de vigencia de este Acuerdo. Las Partes acuerdan tomar todas y cada una de las acciones necesarias para asegurar que la Demanda sea despedida con prejuicio y que se presente la Estipulación y Moción Conjuntas. Las Partes se harán cargo de los honorarios, costos y gastos de sus propios abogados incurridos en relación con la Demanda. Si el Tribunal no despide o se niega a despedir la Demanda y / o se niega a aprobar el acuerdo, este Acuerdo será nulo y sin efecto.

2. <u>Pago de Liquidación.</u> En consideración por la solución completa de las reclamaciones del Demandante en la Demanda, el Demandado pagará la cantidad total de Siete mil quinientos ($7,500) (el "Pago de Liquidación"), prorrateado de la siguiente manera:

    A. Un cheque pagado a Veronica Vallin por la cantidad de $4,538.70, pagado como salarios atrasados. El Demandado hará deducciones por todos los impuestos federales y estatales y otras deducciones requeridas de este pago, y emitirá un W-2 a Veronica Vallin por esta cantidad.

    B. Un cheque pagado a Hawks Quindel S.C. por la cantidad de $2,961.30 como honorarios y costos de abogados que se reportarán en un IRS 1099.

El Demandado pagará el Pago de Liquidación en tres cuotas iguales de la siguiente manera:

    i. El primer pago se realizará dentro de quince (15) días posteriores del registro de la Orden por parte del Tribunal concediendo la Estipulación y Moción Conjuntas de las partes, y consistirá en $ 1,512.90, sujeto a retenciones, a Veronica Vallin y $ 987.10 a Hawks Quindel S.C.

    ii. El segundo pago se realizará dentro de cuarenta y cinco (45) días posteriores a la despedida de esta demanda por parte del Tribunal, y consistirá en $ 1,512.90, sujeto a retenciones, a Veronica Vallin y $ 987.10 a Hawks Quindel S.C.

    iii. El tercer y último pago se realizará dentro de setenta y cinco (75) días posteriores a la despedida de esta demanda por parte del Tribunal y consistirá en $ 1,512.90, sujeto a retenciones, a Veronica Vallin y $ 987.10 a Hawks Quindel S.C.

El Demandado enviará los cheques como se describió anteriormente a Hawks Quindel, S.C. Los pagos citados se realizan sin las opiniones o consejos de los abogados del Demandante o Demandados sobre las consecuencias posibles bajo el Código de Impuestos Internos o cualquier ley estatal. Los pagos establecidos anteriormente están destinados e incluyen el pago de todos los daños reclamados, así como el pago de cualquier derecho reclamado para recuperar costos o honorarios de abogados. No se realizará ninguna petición de dichos costos o honorarios.

3. <u>Incumplimiento y oportunidad de curación.</u> Si el Demandado infringe las disposiciones de pago, el Demandado tendrá la oportunidad de purgar el incumplimiento dentro de los 14 días laborales posteriores al incumplimiento. Sin embargo, si el Demandado no purga una infracción dentro de los 14 días laborales posteriores a la infracción resultará en una conversión automática en sentencia contra el Demandado por la cantidad de $ 7,500, menos todos los montos de liquidación pagados hasta la fecha de la infracción, más todos los honorarios de los abogados incurridos por el abogado del Demandante entre la Fecha de vigencia en vigor y la fecha en que se someta el fallo. El fallo se ingresará en una forma sustancialmente similar al Anexo B de este Acuerdo. Si un incumplimiento por parte del Demandado ocasiona que el Demandante litigue para cobrar la cantidad restante, los honorarios del abogado del Demandante se pueden cobrar como resultado de la necesidad de litigar este cobro. El Tribunal conservará la jurisdicción sobre este asunto con este único propósito.

4. <u>Liberación Legal por Demandantes</u>. La Demandante reconoce que antes de firmar este Acuerdo fue asesorada por su abogado de sus derechos legales con respecto a este Acuerdo. En consideración por los beneficios recibidos por el Demandante a través de este Acuerdo, el Demandante libera y descarga para siempre al Demandado de y contra todas y cada una de las acciones y causas de acción de cualquier tipo que existieran a partir de la fecha en que el Demandante firmo este Acuerdo y/o que surgieron del empleo de la Demandante con el Demandado. A modo de ejemplo, y no de limitación, la liberación de reclamaciones incluye cualquier reclamación por despido ilícito; reclamos de cuasidelito; reclamaciones por incumplimiento de contrato; reclamos por discriminación o represalias por cualquier motivo prohibido por el Título VII de la Ley de Derechos Civiles de 1964, la Ley de Empleo Justo de Wisconsin, la Ley de Estadounidenses con Discapacidades, la Ley de Discriminación por Edad en

el Empleo, cualquiera de las leyes mencionadas anteriormente según hayan sido enmendadas, o cualquier otra ley, reglamento u ordenanza federal, estatal o local aplicable que prohíba la discriminación laboral; reclamaciones bajo cualquier ley de salario y horario incluyendo, pero no limitado a, la Ley federal de Normas Laborales Justas, Wis. Stat. ch. 103, Wis. Ch. 104, Wis. Estadísticas ch. 109, y Wis. Admin Code chs. DWD 270-279 o cualquier otro reclamo que surja de estatutos, reglamentos, ordenanzas o derecho común federales, estatales o locales relacionados con el empleo, la terminación del empleo o cualquier otro asunto.

Ninguna de las partes renuncia ninguna reclamación contra la otra que pueda surgir después de la fecha de vigencia de este Acuerdo, excepto aquellas reclamaciones que de otro modo se abordan específicamente en este Acuerdo, o cualquier reclamación que no puede ser renunciada como una cuestión de ley.

5. <u>Ley aplicable e interpretación</u>. Este Acuerdo representa la comprensión completa de las partes y se interpretará de acuerdo con las leyes del Estado de Wisconsin sin tener en cuenta su disposición sobre conflictos de leyes. En caso de que cualquier disposición de este Acuerdo sea declarada ilegal o inaplicable por cualquier tribunal de jurisdicción competente y no pueda ser modificada para ser ejecutable, excluyendo el lenguaje de liberación general, dicha disposición se convertirá inmediatamente en nula y sin efecto, dejando el resto de este Acuerdo en pleno vigor y efecto.

6. <u>Otras garantías</u>. Las Partes acuerdan ejecutar otros documentos y tomar las otras medidas que puedan ser razonablemente necesarias para promover los propósitos de este Acuerdo.

7. <u>No admisión de errores</u>. Las Partes reconocen que ni el presente Acuerdo ni el suministro de la consideración de las liberaciones contenidas en el presente se considerarán o interpretarán en cualquier momento para cualquier propósito como admisión por parte del Demandado de cualquier responsabilidad o conducta ilegal de cualquier tipo.

8. <u>Sin empleo futuro:</u> La Demandante acepta que ahora o en el futuro no tiene derecho a empleo o reempleo con el Demandado, y acepta no buscar dicho empleo con el Demandado.

9. <u>Acuerdo Completo</u>. Este Acuerdo consiste en el acuerdo y entendimiento entero, completo e integrado de las Partes en relación con el objeto de este Acuerdo, y sustituta y reemplaza todas las propuestas o negociaciones orales o escritas anteriores entre las Partes relacionados con el objeto de este Acuerdo. Las Partes reconocen que esto se trata de un Acuerdo negociado y que la regla de interpretación contra el redactor no tendrá aplicación a este Acuerdo.

10. <u>Enmienda</u>. Este Acuerdo no podrá ser modificado, alterado o modificado excepto con el consentimiento expreso por escrito de ambas partes.

11. <u>Contrapartes y Traducción</u>. Este Acuerdo se traducirá al español y al inglés. Este Acuerdo podrá ejecutarse en contrapartes, y cuando cada parte haya firmado y entregado al menos una de esas contrapartes, incluida una contraparte en español o en inglés, cada contraparte se considerará original y, cuando se juntó con otras contrapartes firmadas, constituirá un Acuerdo, que será vinculante y efectivo en cuanto a todas las Partes. La transmisión de un Acuerdo firmado

por fax o un archivo .pdf escaneado constituirá la recepción de un Acuerdo firmado originalmente por correo.

12. <u>Derecho a considerar, rescindir y revocar aceptación.</u> Por lo presente, la demandante presenta una renuncia voluntaria y consciente de cualquier reclamo de discriminación por edad que tenga, pueda tener o pueda alegar en virtud de la Ley federal de discriminación por edad en el empleo de 1967 (29 USC § 621, et seq.) Según enmendada por la Protección de beneficios para trabajadores mayores Ley de 1990 ("ADEA") y la Ley de Empleo Justo de Wisconsin y, con ese fin, reconoce además lo siguiente:

   A. El demandante tiene veintiún (21) días calendarios para considerar este Acuerdo desde la fecha en que se le entregó por primera vez.

   B. Se aconseja al demandante que consulte con un abogado antes de ejecutar este Acuerdo.

   C. El demandante puede aceptar el Acuerdo firmando el Acuerdo dentro del período de tiempo designado.

   D. El demandante tendrá siete (7) días del calendario a partir de la fecha en que firme el Acuerdo para revocar su aceptación del Acuerdo ("Período de revocación") por medio de la entrega de un aviso de revocación escrito al Demandado (c / o Abogado Jordan Rohlfing, DeWitt LLP, 2 East Mifflin Street, Suite 600, Madison, Wisconsin 53703; jxr@dewittllp.com) dentro del período de siete (7) días del calendario.

13. <u>Fecha de Vigencia</u>: Este Acuerdo será efectivo y irrevocable el día octavo (8) después de que la demandante firme este Acuerdo, provisto que la demandante no haya entregado un aviso de revocación en escrito durante el Periodo de Revocación (la "Fecha Efectiva").

EN CASO DE QUE, las Partes, con la intención de estar legalmente obligadas, han hecho que este Acuerdo de Conciliación y Liberación se ejecute debidamente a partir de las fechas establecidas a continuación:

VERONICA VALLIN

By: *Veronica Vallin*
Date: 11/18/2020

DABDOUB CLEANING SERVICES, INC.

By: _____
Title: _____
Date: _____